UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 2:21-CR-30 |
| | * | |
| CLIFFORD ADAMS, III | * | |
| | * | |
| Defendant | * | |

**DEFENDANT'S MOTION FOR DISCOVERY OF EXCULPATORY EVIDENCE**

COMES NOW the above-referenced Defendant, by and through his undersigned counsel, and respectfully moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 16, to order the United States Attorney to produce and permit this Defendant to inspect, copy, or photograph the following:

Any and all material now known to the Government, or which may become known or which, through due diligence, may be learned from the investigating officers or the witnesses or persons having knowledge of this case, which is exculpatory in nature or favorable material or which might serve to mitigate punishment, including any evidence impeaching or contradicting testimony of Government witnesses or instructions to Government witnesses not to speak with or discuss the facts of the case with defense counsel.

1

**Memorandum of Law in Support of Motion**

The exculpatory or favorable evidence requested herein is discoverable pursuant to the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution. Brady v. Maryland, 373 U.S. 83 (1963). The right of a defendant to disclosure of favorable evidence exists whether such evidence is material to the defendant's guilt or to the mitigation of his punishment, and regardless of whether such exculpatory evidence would be admissible at trial. Brady, 373 U.S. at p. 86; United States v. Gleason, 265 F.Supp. 880 (S.D. N.Y. 1967). This right to disclosure under Brady includes the right to pre-trial discovery by the defendant. Id.; United States v. Partin, 320 F. Supp. 275 (S.D . La. 1970); United States ex rel. Drew v. Myers, 327 F.2d 174 (3d Cir. 1964).

Evidence which may serve to impeach the testimony or credibility of a government witness is discoverable under Brady since the duty upon the government to disclose evidence favorable to a defendant under Brady applies to any information "favorable to the accused either as direct or impeaching evidence." United States v. Campagnuolo, 592 F.2d 852, 859 (5th Cir. 1979); United States v. Keogh, 391 F.2d 138 (2d Cir. 1968) (disclosure of financial report which may have impeached government witness); Guerrero v. Beto, 384 F.2d 886 (5th Cir. 1968) (fact that eyewitness to crime initially failed to identify defendant at lineup); Powell v. Wiman, 287 F. 2d 275 (5th Cir. 1961) (mental instability on part of key prosecution witness); Giles v. Maryland, 386 U.S. 66 (1967) (evidence of prior chastity and mental condition of complaining witness).

Under Brady, a particularized request is a practical impossibility since the due process requirements of Brady require that the Government provide the defendant with exculpatory, mitigating or favorable evidence not in the possession of the defense. Consequently, if the defense is unaware of such evidence, it would be hard pressed to request same with any particularity. "If the defense does not know of the existence of the evidence, it may not be able to request its production. A . . . criminal proceeding . . . is not a sporting event." Giles v. Maryland, 386 U.S. 66, 101 (1967).

## Conclusion

This Defendant respectfully moves this Honorable Court to order the production of the above-described papers, documents and information now in the possession of the Government or which, through reasonable diligence, could be obtained or located, and for such other and further relief as this Honorable Court should deem just and proper.

RESPECTFULLY SUBMITTED this the 22nd day of March, 2024.

/s/ Ryan C. Stewart
Ryan C. Stewart
Georgia Bar No.: 438833
rstewart@brbcsw.com
Attorney for Defendant Clifford Adams, III
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
P.O. Box 220
Brunswick, GA 31521
(912) 264-8544